UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIN SWETE, an individual,

        No. 2:09-cv-2099 FCD KJM

     Plaintiff,

   v.                 MEMORANDUM AND ORDER

PROFESSIONAL BUREAU OF
COLLECTIONS OF MARYLAND, INC.,
a Maryland Corporation;
PROFESSIONAL BUREAU OF
COLLECTIONS, INC., a
California Corporation;
MICHELLE ZAPATA, an
individual; ERIK BRECHBILL, an
individual; and DOES 1-10,
inclusive,

     Defendants.

----oo0oo----

    This matter is before the court on plaintiff Erin Swete's ("Swete") motion to remand this action to the Superior Court of California for the County of Sacramento pursuant to 28 U.S.C. § 1447. Defendants Professional Bureau of Collections of Maryland, Inc. ("PBM"), Professional Bureau of Collections, Inc. ("PBC"), Michelle Zapata ("Zapata"), and Erik Breckbill ("Brechkbill") oppose the motion, arguing that there is complete diversity

1

between plaintiff and defendant PBM because PBC and the

individual defendants were fraudulently joined.  For the reasons

set forth below,[1] plaintiff's motion to remand is GRANTED.

Plaintiff Swete was employed by defendant PBM as a

collections agent from October 2008 until March 2009.  (Am.

Compl. ("Compl."), filed Oct. 9, 2009, ¶ 11.)  Swete alleges that

defendant PBC is an alter-ego, parent corporation, subsidiary

corporation, agent, partner, and/or association and affiliated

corporation of PBM.  (Id. ¶ 3.)  During the beginning of her

employment with PBM, Swete and other collections agents were

required to represent to debtors that they represented defendant

PBC.  (Id. ¶ 12.)  Defendants contend that during 2008 and 2009,

PBC was an active California corporation, but it had no employees

and conducted no business in California or elsewhere.  (Decl. of

Travis Justus in Opp'n to Pl.'s Mot. ("Justus Decl."), filed

Sept. 15, 2009, ¶ 3.)  Further, defendants contend that PBM did

not service PBC collection accounts during 2008 or 2009, and

there was no business servicing agreement in place between the

two entities.  (Id. ¶ 6.)

During the course of her employment, Swete was in the

process of divorcing her husband.  (Compl. ¶ 13.)  Legal

proceedings concerning the divorce took place in the State of

Arizona.  (Id.)  On or about March 8, 2009, Swete received notice

that she was required to appear at a court hearing in Arizona on

March 31, 2009.  (Id. ¶ 14.)  The next day, Swete submitted to

---

[1]   Because oral argument will not be of material
assistance, the court orders the matter submitted on the briefs.
E.D. Cal. L. R. 78-230(h).

1 | Zapata, the General Manager, a written request to be granted two
2 | days off work, March 30 and March 31, to attend the March 31
3 | hearing.  (Id. ¶ 15.)  Zapata declined the initial request.
4 | (Id.)  On or about March 11, 2009, Swete requested time off from
5 | Brechbill, the Operations Manager.  (Id. ¶ 16.)  Brechbill
6 | brushed Swete off and told her to speak to Zapata, knowing that
7 | Zapata had declined the request.  (Id.)  On or about March 23,
8 | 2009, Sweet submitted a second written request to be granted one
9 | day off work, March 31, to attend the hearing; Zapata again
10 | declined the request.  (Id. ¶ 17.)  Swete advised Zapata that she
11 | would nevertheless have to attend the hearing and miss work.
12 | (Id.)

13 | On or about March 30, 2009, Swete advised her other
14 | supervisor and Unit Manager, Misty McReynolds, that she was going
15 | to be absent from work on March 31 to attend the court hearing in
16 | Arizona.  In the early morning hours of March 31, Swete called
17 | Zapata, who informed her that she had been terminated "for a no
18 | call, no show."  (Id. ¶ 19.)

19 | Plaintiff filed suit in the Superior Court of California for
20 | the County of Sacramento, alleging (1) wrongful termination in
21 | violation of public policy against defendants PBM and PBC; (2)
22 | violation of California Labor Code §§ 230, et seq., against
23 | defendants PBM and PBC; (3) violation of California Business and
24 | Professions Code §§ 17200, et seq., against defendants PBM and
25 | PBC; (4) slander against all defendants; (5) intentional
26 | infliction of emotional distress against all defendants; and (6)
27 | negligent infliction of emotional distress against all
28 | defendants.

1   "[A]ny civil action brought in State court of which the

2   district courts of the United States have original jurisdiction,

3   may be removed by the defendant or the defendants, to the

4   district court" in which the action is pending.   28 U.S.C. §

5   1441(a). Federal district courts "have original jurisdiction of

6   all civil actions where the matter in controversy exceeds the sum

7   or value of $75,000" and is between citizens of different states.

8   28 U.S.C. § 1332(a).

9        "If the plaintiff fails to state a cause of action against a

10  resident defendant, and the failure is obvious according to the

11  settled rules of the state, the joinder of the resident defendant

12  is fraudulent and the defendant's presence in the lawsuit is

13  ignored for purposes of determining diversity." United Computer

14  Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002)

15  (internal quotations and citations omitted); McCabe v. Gen. Foods

16  Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).   There is a general

17  presumption against fraudulent joinder, and the burden on

18  defendant is a "heavy one."   Hamilton Materials, Inc. v. Dow

19  Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); Davis v.

20  Prentiss Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1113 (C.D. Cal.

21  1999) (citing Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th

22  Cir. 1983).   "Fraudulent joinder must be proven by clear and

23  convincing evidence."   Hamilton Materials, Inc., 494 F.3d at 1206

24  (9th Cir. 2007).   "The removing party must prove that there is

25  absolutely no possibility that the plaintiff will be able to

26  establish a cause of action against the in-state defendant in

27  state court, or that there has been outright fraud in the

28  plaintiff's pleadings of jurisdictional facts." Davis, 66 F.

4

Supp. 2d at 1113.

Defendants argue that complete diversity exists because plaintiff Swete fraudulently joined PBC and the individual defendants and thus, their residency should be not be relevant to the determination of jurisdiction.  Specifically, defendants contend that PBC never employed plaintiff and therefore, cannot be liable for any of the alleged violations.[2]  Defendant asserts that plaintiff has pled insufficient facts to support a theory that the two corporations should be treated as one.

Plaintiff alleges that defendant PBC is an alter-ego, parent corporation, subsidiary corporation, agent, partner, and/or association and affiliated corporation of PBM and that, during her employment with PBM, she was instructed to represent to debtors that they represented defendant PBC.  Plaintiff also asserts that defendant Brechbill was designated by PBC as an agent for service of process.  (Ex. 2 to Decl. of Eran Lagstein in Supp. of Pl.'s Mot. for Remand, filed Oct. 22, 2009.)

In deciding whether a corporation is the alter ego of another, "the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation[s] . . . no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice."  Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (citing Watson v. Commonwealth Ins. Co., 8 Cal.

---

[2]     Defendants also contend that plaintiff's complaint fails to state a claim for slander, IIED, or NIED against the individual defendants.  However, because the court finds that defendants have failed to meet their burden to demonstrate fraudulent joinder as to defendant PBC, it does not reach the merits of this argument.

1  2d 61, 68 (1936)).

2        On the facts and allegations before it, defendants have

3  failed to demonstrate that there is absolutely no possibility

4  that the plaintiff will be able to establish a cause of action

5  against PBC.  While defendants present evidence that there was no

6  servicing agreement in place between PBM and PBC and that PBM did

7  not service PBC collection accounts, they utterly fail to provide

8  *any information* regarding what the relationship between PBM and

9  PBC is.  Defendants fail to address whether PBM is a parent or

10  subsidiary corporation of PBC or whether PBM worked as PBC's

11  agent.  Further, defendants fail to present *any evidence*

12  regarding whether collection agents were advised to tell debtors

13  that they represented defendant PBC.  Moreover, they fail to

14  present *any explanation* why collection agents were given such

15  instructions.  Accordingly, it is not "obvious" that plaintiff

16  has failed to state a claim against defendant PBC.  United

17  Computer Sys., Inc., 298 F.3d at 761; see Good v. Prudential Ins.

18  Co. of America, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)("the

19  defendant must demonstrate that there is no possibility that the

20  plaintiff will be able to establish a cause of action in state

21  court against the alleged sham defendant").

22        Therefore, plaintiff's motion to remand this action to the

23  Superior Court of California for the County of Sacramento is

24  GRANTED.

25  /////

26  /////

27  /////

28  /////

6

IT IS SO ORDERED.

DATED: January 14, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE